**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
                              :
ANTWON L. WILSON,             :
                              :
         Plaintiff,           :   Civil Action No. 09-2701 (MLC)
                              :
     v.                       :      O P I N I O N
                              :
DETECTIVE ROBERT ORRO, et al.,:
                              :
         Defendants.          :
_____:
```

**APPEARANCES:**

Antwon L. Wilson, Plaintiff Pro Se
Somerset County Jail, P.O. Box 3000, Somerville, New Jersey 08876

**COOPER**, District Judge

Plaintiff, Antwon L. Wilson, currently confined at the Somerset County Jail, Somerville, New Jersey, submits a civil Complaint and an application to proceed in forma pauperis. Based on Plaintiff's in forma pauperis application and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court finds that Plaintiff qualifies for in forma pauperis status, pursuant to 28 U.S.C. § 1915.

**I.   BACKGROUND**

Plaintiff asserts that on May 18, 2007, while fleeing from Defendants — who were attempting to effectuate his arrest — he swallowed five grams of cocaine to dispose of incriminating evidence. [Docket entry no. 1, at 9.] According to the Complaint, when Defendants seized Plaintiff, they exercised excessive force by "slamm[ing Plaintiff] on the ground," punching him in the eye,

directing him to spit out the drugs and choking Plaintiff until he became unconscious. [See id. at 6, 9-10.][1]

## II. LEGAL STANDARD FOR DISMISSAL

The Court — before or as soon as practicable after docketing — must review a complaint in an action where a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court, in determining a complaint's sufficiency, must construe it liberally in the plaintiff's favor. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "[w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (cites and quotes omitted); see Morse, 132

---

[1] In addition, Plaintiff mentions the Equal Protection Clause of the Fourteenth Amendment. [Docket entry no. 1, at 6.] However, no facts alleged in the Complaint suggest the presence of an equal protection claim.

2

F.3d at 906 (no need to credit "bald assertions" or "legal conclusions").

## III. DISCUSSION

### A.    STATUTE OF LIMITATION

The statute of limitations on a federal civil rights claim is governed by the state limitations period for personal injury; here, New Jersey's two-year statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  Thus, "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action."  Cito, 892 F.2d at 25.

Plaintiff's claims accrued on May 18, 2007.[2]  [Docket entry no. 1, at 9.]  Consequently, Plaintiff's limitations period began

---

[2] "A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Importantly, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 U.S. Dist. LEXIS 1163, at *2 (E.D. Pa. Feb. 2, 1996).  Plaintiff here asserts that he was aware of the legal nature of his claims soon after the incident because, about two or three weeks after the incident, officials from the State Office of Public Defender informed him of their opinion that Defendants' actions amounted to excessive force. [Docket entry no. 1, at 9-10.]

to run on May 18, 2007, and expired on May 17, 2009.  Plaintiff's claims are thus facially untimely and should be dismissed, since the Complaint was executed on June 1, 2009, and could not have been submitted by Plaintiff to prison officials for mailing to the Court prior to that date.  [Id. at 6, 8-11 (having the date of execution affixed on all these pages); see also docket entry no. 1-2, at 5 (indicating that Plaintiff's in forma pauperis application was executed on June 1, 2009).]  See Jones v. Bock, 549 U.S. 199, 214-15 (2007) (appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se claim, where untimeliness is apparent from face of complaint)

### B.   EQUITABLE TOLLING

New Jersey law permits equitable tolling of the limitations period where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting rights, or has timely asserted rights mistakenly either by defective pleading or in the wrong forum.  Freeman v. State, 347 N.J.Super. 11, 31 (N.J. App. Div.), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

4

One of those rare situations was addressed in <u>Jones v. Jones</u>, 242 N.J.Super. 195, 198 (N.J. App. Div.), <u>certif. denied</u>, 122 N.J. 418 (1990). There, the state court found that equitable tolling might be warranted if the action was untimely, where the defendants' duress was of such magnitude that it was sufficient to prevent the plaintiff's exercise of "freedom of will." <u>Id.</u> at 198, 205, 208-09. However, this "tolling-by-duress" exception is narrow and could apply only when the alleged facts so warrant.

> We do not suggest that the decisions we have cited
> should be applied uncritically whenever a plaintiff
> claims that his or her failure to initiate suit in a
> timely fashion was caused by a defendant's wrongful
> act. We are, nevertheless, of the view that, within
> certain limits, a prospective defendant's coercive acts
> and threats may rise to such a level of duress as to
> deprive the plaintiff of his freedom of will and
> thereby toll the statute of limitations.

<u>Giovine v. Giovine</u>, 284 N.J.Super. 3, 16 (N.J. App. Div. 1995) (quoting <u>Jones</u>, 242 N.J.Super. at 208).

Plaintiff here asserts that he procrastinated with the filing of his Complaint because of Defendants' duress. He alleges:

> Once I was home in the middle of September [2007,] I
> got approached by [Defendants] in Somerville, [Somerset
> County]. There [I] got threatened and told if I
> continue [with a] complaint or lawsuit[,] I won't live
> to see another day. I also will get "f[***]ed up again
> but this time worse." At this point I was scared for my
> life b/c these officers already [hurt] me very badly. .
> . . This is why I left thing[s] alone. Now that I[']m
> incarcerated[,] I figured they can[']t harm me in
> jail[,] so I should proceed and get some justice done.

[Docket entry no. 1, at 10].

Plaintiff's allegations do not qualify for equitable tolling due to duress. Even if the Court were to assume that Defendants threatened Plaintiff in September 2007, and the threats deprived Plaintiff of his freedom of will to such a degree that he regained his freedom of will only upon coming under the protection of prison officials, Plaintiff's incarceration history renders his assertion disingenuous. According to the records maintained by the New Jersey Department of Corrections, Plaintiff was incarcerated in Somerset County from April 18, 2008, until December 15, 2008. See http://www.state.nj.us/corrections/.[3] Plaintiff's eight months in custody during 2008 are qualitatively indistinguishable from his current Somerset County custody. Hence, if he allegedly regained his freedom of will to bring this action only upon being incarcerated, he should have had the same "freedom of will" restored to him in 2008, when he became incarcerated and had more than an ample opportunity to file his civil complaint within the period of limitations.

In light of the foregoing, the Court finds that Plaintiff's claims do not qualify for equitable tolling, and his Complaint will be dismissed as untimely.

---

[3] Plaintiff's 2008 incarceration appears to be a result of the May 18, 2007, incident, since Plaintiff was committed in Somerset County on the charges of, inter alia, resisting arrest, obstructing administration of law, suppressing evidence, and distributing a controlled substance on a school property. See http://www.state.nj.us/corrections/.

**IV.   CONCLUSION**

    The Complaint is untimely on its face.  Plaintiff failed to assert valid grounds for equitable tolling.  Thus, the Court will grant Plaintiff's <u>in</u> <u>forma</u> <u>pauperis</u> application and dismiss the Complaint for failure to comply with the applicable statute of limitations.  The Court will issue an appropriate Order and Judgment.

                                                  <u>s/ Mary L. Cooper</u>
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:    July 7, 2009